[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT MASON'S AND DEFENDANT PROJANSKY'SMOTION FOR SUMMARY JUDGMENT
The defendants were members of the board of directors of the plaintiff Winters Run Condominium Association. They are being sued for alleged failure to perform their duties in an appropriate manner. The defendants have filed a motion for summary judgment, claiming that the language of § 33-447 CGSA on which the plaintiff has based its action codifies the so-called business judgment rule and since the defendants are only accused of negligent activity, under that rule, the claim must fail. The defendants also refer to the bylaws of the association which they claim, in effect, gives the same protection to directors of the association as that; afforded by the business judgment rule.
The standards to apply on a motion for summary judgment are well-known. If there is a genuine issue of material fact the court cannot try it; this is so because the non-moving party has a constitutional right to a trial.
The so-called business judgment rule is somewhat elusive. InRosenfeld v. Metals Selling Corp., 229 Conn. 771 (1994) the court CT Page 5763 said: "The business judgment rule insulates corporate directors from liability for business decisions within the power of the corporation for which the directors have exercised due care", Id., p. 785. The court adopts the statement in Joy v. North,692 F.2d 880 (CA 2, 1982) that "liability is rarely imposed upon corporate directors or officers simply for bad judgment and this reluctance to impose liability for unsuccessful business decisions has been doctrinally labeled the business judgment rule", Id. p. 885. It is fair to say that § 33-347 which has language similar to § 33-313, which the Rosenfeld court was analyzing, codifies the business judgment rule.
The rule is sometimes difficult to apply, however. In other words it says a business person is not liable for exercise of "due care" — does that mean he or she is liable if the person does not use due care. Then how is the rule different from ordinary negligence standards? Rosenfeld says the business judgment rule applied to the case before it because the trial court found the defendant used due care then it goes on to say the trial court apparently consistent with that did not find the defendant's conduct was so egregious as to amount to fraud, gross mismanagement or failure to comply with normal business practices, 229 Conn. at p. 789. But what then does "due care" mean and a violation of "due care"? Joy v. North at 692 F.2d 886 in limiting the doctrine gives some guidance as to how the rule is to be applied.
 "Whatever its merit, however, the business judgment rule extends only so far as the reasons which justify its existence. Thus, it does not apply in cases e.g. in which the corporate decision lacks a business purpose . . . is tainted by a conflict of interest . . . is so egregious as to amount to a no-win decision, . . . or results from an obvious and prolonged failure to exercise oversight or supervision. . . . Other examples may occur."
 Rosenfeld suggests another "example" — a business person cannot rely on the rule if he or she fails to inform him or herself of material information reasonably available to someone in a management position, 229 Conn. at p. 789.
Reading Joy v. North and Rosenfeld together then the CT Page 5764 protection of the business judgment rule is not only defeated by a finding of gross negligence or bad faith. Certain violations of due care as that term would ordinarily be understood would also defeat the rule-failure to supervise, failure to inform oneself of information on which a decision needs to be based, failure to comply with ordinary business standards or make oneself aware of them. The rule may in fact be nothing more that a glorified revision of the negligence standard, that is it focuses not so much on ascertaining what the reasonably prudent person would do but on inquiring what the reasonably informed business person would do in a similar situation given industry or trade standards.
In any event given the factual allegations of the defendant's affidavit of May 28, 1966 I am not prepared to say that there is no genuine issue of material fact over whether or not the business judgment rule gives a defense here. The allegations of the complaint that the defendants were negligent and careless can be taken as violations of a due care standard and the affidavit of May 28th can be categorized as alleging long term failure to supervise and failure to gather information necessary to make appropriate decisions. What possible business purpose could there be in deciding not to collect common charges or in not paying Water Company arrearages? This dispute seems to involve the appropriate scope of the directors' authority and responsibility given the fact that the condo association had a manager on whom the defendants claim they relied. The motion does not really address this problem.
Furthermore, insofar, as the corporation bylaws offer more protection to members of the board of directors than § 33-347 CGSA I do not believe they should be enforced as a matter of public policy. If they merely restate the business judgment rule then I have the same difficulty, in granting the defendants' motion for summary judgment based on their reliance on that common law doctrine.
The motion for summary judgment is denied.
Thomas Corradino, Judge CT Page 5765